**No. 40190.**—Protests 565412–G, etc., of Aboarab Bros. et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 40191.**—Protest 948190–G of R. F. Downing & Co., Inc. (New York).

Opinion by DALLINGER, J. On the agreed statement of facts the watch movements in question were held dutiable at $1.35 each as claimed.

**No. 40192.**—Protests 948490–G, etc., of Testing Machines, Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the goods in question are similar to those passed upon in *Testing Machines, Inc.* v. *United States* (T. D. 49608). The claim as machines and parts at 27½ percent under paragraph 372 was therefore sustained.

**No. 40193.**—Protests 966798–G, etc., of Grand Gaslight, Inc., et al. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of brass shells similar to those the subject of Abstract 37615. The claim at 35 percent under paragraph 353 was therefore sustained.

**No. 40194.**—Protest 882333–G of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. It appeared that only four cases were designated for examination out of 49 cases. It was therefore held that the appraisement was null and void and the liquidation invalid. *United States* v. *Davis* (20 C. C. P. A. 305, T. D. 46087), *Freeman* v. *United States* (T. D. 48683), and *Sprague* v. *United States* (T. D. 49193) followed. The protest was therefore sustained.

**No. 40195.**—Protest 920204–G of Henry L. Goetz (New York).

Opinion by DALLINGER, J. On the agreed facts and following *Kwong* v. *United States* (T. D. 49409) the court held the wooden stands in question to be separate entities and dutiable at 33⅓ percent under paragraph 412 as claimed.

**No. 40196.**—Protests 416503–G, etc., of R. H. Macy & Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of atomizers, wine cups, trays, bottles, boxes, and droppers chiefly used in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained.